UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
JUL 25 2011
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| Joseph James<br><br>And<br><br>Kristie James,<br><br>    Plaintiffs,<br><br>v.<br><br>Deca Financial Services, LLC<br><br>    Defendant. | Case No.<br><br>**1:11-cv-0985 WTL-MJD**<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiffs are natural persons who resided in Tipton, IN at all times relevant to this action.

2. Defendant is an Indiana limited liability company that maintained its principal place of business in Fishers, IN at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiffs about an obligation that Plaintiff Joseph James ("Joseph") allegedly owed to LaFayette Medical, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiffs, and in so doing, has alleged that Plaintiffs owed the debt.

12. Joseph is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around May 16, 2011, Defendant telephoned Plaintiffs and spoke with Plaintiff Kristie James ("Kristie").

14. During this communication, Defendant threatened to garnish Joseph's wages.

15. During this communication, Defendant threatened to garnish Kristie's disability payments.

16. During this communication, Defendant falsely represented that he was calling from a law office.

17. During this communication, Kristie handed the telephone to Joseph.

18. After Kristie handed the telephone to Joseph, she became physically ill due to the harassing nature of the communication with Defendant.

19. During this communication, Defendant spoke to Joseph and threatened to garnish Joseph's wages once Joseph began working.

20. At the time of this communication, Defendant had neither the intent nor ability to garnish Plaintiffs' wages.

21. As a result of Defendant's threats and misrepresentations, Plaintiffs suffered substantial anxiety, stress, and duress such that physical manifestations of this distress appeared.

22. Defendant caused Plaintiff emotional distress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

25. In support hereof, Plaintiff incorporates paragraphs 16 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692e by threatening to take action that could not legally be taken and/or that was not intended to be taken.

27. In support hereof, Plaintiff incorporates paragraphs 13-15, 19-20 as if specifically stated herein.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/ Nicholas J. Prola
    Nicholas J. Prola
    Macey & Aleman, P.C.
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 1.866.339.1156
    npr@legalhelpers.com
    Attorneys for Plaintiff